Reza Mirzaie, Esq.
(*Pro Hac Vice*)
*rmirzaie@raklaw.com*
Paul S. Kroeger, Esq.
(*Pro Hac Vice*)
*pkroeger@raklaw.com*
Stanley H. Thompson, Jr., Esq.
(*Pro Hac Vice*)
*sthompson@raklaw.com*
**RUSS, AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Mark Borghese, Esq.
Nevada Bar No. 6231
*mark@borgheselegal.com*
**Borghese Legal, Ltd.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
T: (702) 382-0200
F: (702) 382-0212

*Attorneys for Plaintiff 2-Way Computing, Inc.*

(Additional Counsel Listed on Signature Page)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| 2-WAY COMPUTING, INC., | |
| Plaintiff, | |
| vs. | Case No. 2:16-cv-00423-GMN-CWH |
| UNIFY INC., F/K/A SIEMENS ENTERPRISE COMMMUNICATIONS, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| Defendant. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties agree that this Order, which is entered pursuant to Federal Rule of Civil Procedure

1

26(c), will expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, and ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial. The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, responses to discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). As set forth in Section 14.3 below, this Protective Order does not entitle the Parties to file confidential information under seal; Local Rule ("LR") IA 10-5 sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that a Producing Party considers in good faith to contain confidential, commercially sensitive, and/or proprietary information not otherwise known or available to the public.

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an independent

1  outside expert witness or as a consultant in this action, (2) is not a past or current employee of a

2  Party or of a Party's competitor, (3) at the time of retention, is not anticipated to become an

3  employee of a Party or of a Party's competitor, and (4) as to whom the procedures set forth in

4  paragraph 7.4 have been followed.

5       2.7  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

6  Information or Items: "CONFIDENTIAL" information or items that constitutes or contains

7  (a) commercially sensitive marketing, financial, sales, web traffic, research and development, or

8  technical data or information; (b) commercially sensitive competitive information, including,

9  without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure

10  Agreement ("NDA"); (c) information or data relating to future products not yet commercially

11  released and/or strategic plans; (d) commercial agreements, licenses and licensing terms,

12  settlement agreements, or settlement communications, the disclosure of which is likely to cause

13  harm to the competitive position of the Producing Party; (e) trade secrets, pricing or profit

14  information, sales or marketing forecasts or plans, business plans, sales or marketing strategy,

15  product development information, engineering documents, testing documents, employee

16  information, customer lists, and other non-public information of similar competitive and business

17  sensitivity; or (f) information that is likely to cause economic harm or significant competitive

18  disadvantage to the Producing Party if disclosed. Documents marked "CONFIDENTIAL

19  OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" shall be treated as if

20  designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

21       2.8  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

22  "CONFIDENTIAL" information or items that contains or substantively relates to a Producing

23  Party's "Source Code," which shall mean documents containing or substantively relating to

24  confidential, proprietary, and/or trade secret source code or technical design documentation,

25  including computer code, scripts, assembly, object code, source code listings and descriptions of

26  source code, object code listings and descriptions of object code, and Hardware Description

27  Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any

28  ASIC or other chip. The Receiving Party shall not attempt to compile any Source Code.

1       2.9    <u>House Counsel</u>: attorneys who are employees of a Party to this action. House

2   Counsel does not include Outside Counsel of Record or any other outside counsel.

3       2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

4   entity not named as a Party to this action.

5       2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

6   action but are retained to represent or advise a party to this action and have appeared in this action

7   on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

8       2.12    <u>Party</u>: any party to this action, including all of its officers, directors, employees,

9   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

10       2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

11   Material in this action.

12       2.14    <u>Professional Vendors</u>: independent legal translators retained to translate in

13   connection with this action; independent stenographic reporters and videographers retained to

14   record and transcribe testimony in connection with this action; graphics, translation, or design

15   services retained by counsel for purposes of preparing demonstrative or other exhibits for

16   deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting

17   services not including mock jurors; persons or entities that provide litigation support services

18   such as photocopying, preparing exhibits or demonstrations, organizing, storing, retrieving data in

19   any form or medium; provided that all such outside vendors agree to maintain the confidentiality

20   of documents pursuant to this Order.

21       2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

22   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"

23   or "HIGHLY CONFIDENTIAL – SOURCE CODE."

24       2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

25   Producing Party.

26   3.    <u>SCOPE</u>

27       Discovery materials produced in this case may be labeled as one of three categories,

28   each of which is defined above: CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE as defined in items 2.2, 2.7, and 2.8 above. All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Material" as set forth in item 2.15 above. The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) briefs, memoranda, or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, including but not limited to (i) advertising materials that have been actually published or publicly disseminated, (ii) materials that have been published or disseminated to the general public, or (iii) documents that have been submitted to any governmental entity without request for confidential treatment; (b) any information that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information, including becoming part of the public record through trial or otherwise; (c) any information that the Receiving Party can show was already publicly known prior to the disclosure or that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and (d) any information which the Receiving Party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material.

Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court. This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Protected Material or to modify

this Order in any way, including, without limitation, an order that certain matter not be produced at all. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth above. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or changing the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order may be designated as such by the Producing Party by marking it "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" prior to or at the time copies are furnished to the Receiving Party.

(a)      for information in documentary or tangible form (*e.g.*, written discovery, documents including both paper documents and "electronically stored information" as that phrase is used in Federal Rule of Procedure 34, and tangible things, but excluding transcripts of depositions or other pretrial or trial proceedings) may be designated by placing the appropriate

designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. Documents produced in native format may be designated by including the designation in the document's file name.

In the event that a Party or Non-Party makes original documents or materials available for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (unless otherwise designated at the time of inspection) during the inspection and re-designated, as appropriate, during the copying process. Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as Protected Material (as appropriate) prior to furnishing copies to the Receiving Party.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, any transcript, in whole or in part, may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by an appropriate statement at the time such testimony is given or thereafter by notifying the other Parties in writing of the portions of such testimony to be so designated within thirty (30) days from receipt of the final certified transcript. Upon such request, the reporter shall mark on the title page the original and all copies of the transcript as designated. Deposition transcripts, in their entirety, shall be treated by default as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," until the expiration of the time to make a confidentiality designation. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript

as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.

        (c)     for information not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in paragraph 2, the Producing Party must inform the Receiving Party of the designation in writing.

     5.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1    Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Material have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Material designation with respect to any document or information contained therein.

     6.2    Timing of Challenges. A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Material at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Any Party or Non-Party may challenge a designation of confidentiality at any time. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.

     6.3    Meet and Confer. The parties shall attempt to resolve each challenge in good faith and shall use their best efforts to resolve promptly and informally such disputes. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in a meet and confer process (in voice to voice dialogue; other forms of communication are not sufficient) first or establishes that the Designating Party is unwilling to participate in the meet and confer process within five (5) business days of receipt of the Receiving Party's written challenge.

6.4     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge within five (5) business days after receipt of the Receiving Party's written challenge, the Receiving Party shall request, via motion under Local Civil Rule ("LCR") 7-2 (and in compliance with LR IA 10-5, if applicable), that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Designating Party. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

(a)     All Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other proceeding, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, opposition proceeding, or any business or competitive purpose or function, and shall not be distributed, disclosed or made available to any person who is not entitled to receive such information as herein provided.

(b)     To the extent any Defendant in this litigation provides Protected Material under the terms of this Order to Plaintiff, and to the extent this litigation is consolidated with any other case for discovery, claim construction, or any other purpose, *see* Notice of Related Cases, Feb. 26, 2016, ECF No. 31; Notice of Related Cases, Mar. 4, 2016, ECF No. 32, Plaintiff shall not share that Protected Material with any defendant in any other related or consolidated case, absent express written permission from the producing Defendant. This Order does not confer any right to any defendant in any other related or consolidated case to access the Protected Material of any Defendant in this litigation.

(c)     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon his or her examination of Protected Material produced by another party or a third-party; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any item of the Protected Material.

(d)     When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

(e)     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

(f)     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court, which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

(g)     Outside Counsel of Record and their staff for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to Outside Counsel of Record or their staff, or as otherwise provided for hereunder. Notwithstanding the foregoing, and with regard to material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," the provisions of Paragraph 8.1 are controlling to the extent those provisions differ from this paragraph.

(h)     Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court. Nothing herein shall,

however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information for use in connection with this litigation and such working copies, abstracts, digests, and analyses shall be deemed Protected Material under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

(i)     No Party may remove, or cause to be removed, Protected Material produced by another Party from the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

(j)     Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving Party: (i) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the Court.

(k)     The Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal for treatment of Protected Material at trial to be submitted for approval by the Court. A Party shall provide a minimum of two business days' notice to the Producing Party

1  in the event that a Party intends to use any Protected Material during trial. In addition, the Parties

2  will not oppose any request by the Producing Party that the courtroom should be sealed, if

3  allowed by the Court, during the presentation of any testimony relating to or involving the use of

4  any Protected Material.

5      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

6  by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7  information or item designated "CONFIDENTIAL" only to:

8          (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

9  supporting personnel employed in the law firm(s) of Outside Counsel of Record, such as

10  attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters to

11  whom it is reasonably necessary to disclose the information for this litigation;

12          (b)    up to two House Counsel of the Receiving Party who are members of at

13  least one state bar in good standing (or a foreign equivalent thereof), to whom disclosure is

14  reasonably necessary for purposes of this litigation and who have signed the "Acknowledgment

15  and Agreement to Be Bound" (Exhibit A);

16          (c)    Experts (as defined in this Order) of the Receiving Party and their

17  necessary support personnel to whom disclosure is reasonably necessary for this litigation and

18  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19          (d)    the Court and its personnel and stenographic reporters (under seal or with

20  other suitable precautions determined by the Court);

21          (e)    Professional Vendors to whom disclosure is reasonably necessary for this

22  litigation;

23          (f)    the author, signatory, or recipient of a document containing the information

24  or the original source of the Protected Material. Such person shall be given access only to the

25  specific document or information therein;

26          (g)    any mediator who is assigned to hear this matter, and his or her staff,

27  subject to their agreement to maintain confidentiality to the same degree as required by this

28  Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the persons or entities listed in paragraphs 7.2(a), (c), (d), (e), (f), and (g), subject to any terms set forth or incorporated therein, and not any person or entity listed in paragraph 7.2(b). Notwithstanding any contrary provisions of paragraphs 7.2 and 7.3, those persons identified in paragraph 7.2(b) herein shall be allowed access to the scope and settlement amount of any license agreement or settlement agreement regarding the asserted patents in this litigation solely for the purpose of facilitating settlement negotiations in this action.

7.4     Procedures for Approving or Objecting to Disclosure of Protected Material to Experts. Information designated by the Producing Party under any category of Protected Material and such copies of this information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the Receiving Party's Experts and their necessary support personnel. However, no disclosure of Protected Material to an Expert or their necessary support personnel shall occur until that person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under paragraph 7.4(b), that objection is resolved according to the procedures set forth below. No disclosure of Protected Material may be provided to an expert or consultant that is a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party. No disclosure of Protected Material may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any Protected Material first must provide prior written notice by email to all counsel of record in the

litigation that (1) sets forth the full name and address of the Expert, (2) attaches a copy of the Expert's current resume or curriculum vitae, (3) identifies the Expert's current employer(s), title, job responsibilities, and employment history for the past three years including the name of each entity for whom the Expert has worked during that time, (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years; (6) an identification of any past or present affiliation, whether on an employment or consulting basis, with the Receiving Party; and (7) an identification of any issued patents or published patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.

(b)     The Producing Party shall have five business days after the notice under paragraph 7.4(a) is given to object in writing to the disclosure of Protected Material to the Expert. No Protected Material shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection. A Producing Party objecting to disclosure of Protected Material to an Expert shall, within five (5) business days of receiving notice of the intended disclosure, state with particularity the ground(s) of the objection. The objecting Party's consent to the disclosure of Protected Material to an Expert shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Protected Material to the Expert will result in specific business or

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

economic harm to that Party. If no Party raises such an objection within five (5) business days of receiving notice of the intended disclosure, the Expert shall be deemed qualified to receive the Protected Material described in the notice of intended disclosure.

(c)  If after consideration of the objection, the Party desiring to disclose the Protected Material to an Expert refuses to withdraw the Expert, that Party shall provide notice to the objecting Party and the Parties shall in good faith meet and confer (through direct voice to voice dialogue) to attempt to resolve the objection informally. Thereafter, if the informal efforts do not resolve the dispute within five business days of receiving such notice of refusal to withdraw the Expert, the Party objecting to disclosure of Protected Material may file a motion as provided in LCR 7-2 (and in compliance with LR IA 10-5, if applicable) requesting that the Expert not be allowed to view the Protected Material. A failure to file a motion within seven (7) business days of receiving such notice of refusal to withdraw the Expert, absent an agreement of the Parties to the contrary or for an extension of such seven (7) business day period, shall operate to allow disclosure of the Protected Material to the Expert objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules. seeking permission from the Court to do so.

(d)  The objecting Party filing a motion pursuant to paragraph 7.4(c) shall have the burden of showing by a preponderance of the evidence that the disclosure sought should be prohibited. The Protected Material subject to the objection shall not be disclosed to the Expert objected to unless and until the Court determines that the disclosure should be allowed.

(e)  Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a defendant in any other related or consolidated case shall have access to Protected Material produced by a Defendant in this matter.

7.5  Examination of Witnesses. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all

Protected Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Material which has been produced by that Party and of which the witness has personal knowledge;

(b) A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all Protected Material of which he or she has personal knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

(c) Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

(d) Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains

confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

(e)     Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Information based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.     <u>SOURCE CODE</u>

8.1     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret source code as defined in paragraph 2.8 above. The following conditions shall govern the production, review, and use of source code or design documentation information that has been designated as "HIGHLY CONFIDENTIAL – SOURCE CODE":

(a)     Source Code, to the extent any Producing Party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the Producing Party: (1) the offices of the Producing Party's primary outside counsel of record in this action; (2) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (*e.g.*, an escrow company); or (3) a location mutually agreed upon by the Receiving and Producing Parties. Any location under (1), (2) or (3) above shall be in the continental United States. Source Code will be loaded on a single, standalone, non-networked personal computer that is password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to it ("Source Code Computer"). Whenever there is an update, supplement, or other modification of the Source Code Computer (not including operating

system security patches and similar updates not relating to the production of Source Code), the Producing Party shall give notice of the nature of the update, supplement, or modification within five (5) business days. Use or possession of any input/output or storage device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) is prohibited while in the secured, locked area containing the Source Code Computer. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. The Source Code Computer will be made available for inspection until the close of discovery in this action between the hours of 9 a.m. and 5 p.m. local time on business days (*i.e.*, weekdays that are not Federal holidays), upon reasonable written notice to the Producing Party, which shall not be less than five (5) business days in advance of the requested inspection. The Receiving Party shall provide fourteen (14) days' notice prior to the first inspection of any requested Source Code. Defendants shall not be required to make Source Code available for inspection prior to the date set forth in the Court's scheduling order for producing documents pursuant to LPR 1-9.

(b) The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are generally commercially available. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(c) The Receiving Party's outside counsel and/or expert shall be entitled to

take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. Any notes relating to the Source Code will be treated as "HIGHLY CONFIDENTIAL – SOURCE CODE." No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

(d)      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the Receiving Party may request a reasonable number of pages of Source Code to be printed on watermarked or colored pre-Bates numbered paper, which shall be provided by the Producing Party. The Receiving Party may not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph 8.1(a) in the first instance. In no event may the Receiving Party print any continuous block of Source Code that result in more than 10 printed pages, or an aggregate total of more than 150 pages during the duration of the case without prior written approval by the Producing Party. Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will send a copy of the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. At the inspecting Party's request, up to two additional sets (or subsets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion.

(e)      If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five business days. If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Receiving Party may seek a Court resolution of whether the

1   printed Source Code in question is reasonably necessary to any case preparation activity.

2   Contested Source Code print outs need not be produced to the requesting party until the matter

3   is resolved by the Court.

4         (f)     The Receiving Party shall not create any electronic or other images of any

5   printed pages of Source Code or any other documents or things reflecting Source Code that have

6   been designated by the Producing Party as "HIGHLY CONFIDENTIAL – SOURCE CODE."

7   The Receiving Party shall only make additional paper copies of selected excerpts of Source

8   Code if such additional copies are necessary for any filing with the Court, the service of any

9   pleading or other paper on any Party, testifying expert reports, consulting expert written

10  analyses, deposition exhibits as discussed below, or any draft of these documents ("SOURCE

11  CODE DOCUMENTS"). The Receiving Party shall only make additional copies of such

12  excerpts as are reasonably necessary for the purposes for which such part of the Source Code is

13  used. Any paper copies used during a deposition shall be retrieved by the Producing Party at the

14  end of each day and must not be given to or left with a court reporter or any other individual.

15        (g)    Any paper copies designated "HIGHLY CONFIDENTIAL – SOURCE

16  CODE" or notes, analyses, or descriptions of such paper copies of Source Code shall be stored

17  or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of

18  outside experts or consultants who have been approved to access Source Code; (iii) the site

19  where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to

20  transport the information to a hearing, trial, or deposition. Any such paper copies or notes,

21  analyses, or descriptions of such paper copies of Source Code shall not be transported via mail

22  service or any equivalent service and shall be maintained at all times in a secure location under

23  the direct control of a person authorized to access the Source Code under the terms of this

24  Protective Order and in a manner that prevents duplication of or unauthorized access to the

25  Source Code, including, without limitation, storing the Source Code in a locked room or cabinet

26  at all times, when it is not in use or being transported.

27        (h)    A list of names of persons who will view the Source Code will be

28  provided to the Producing Party in conjunction with any written (including email) notice

requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log upon request.

(i)     Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

(j)     The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

(k)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code reviewing room. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure compliance with the prohibition on recordable media, recordable devices, and input/output or storage devices set forth in this paragraph and Paragraph 8.1(a) above.

(l)     Only the following individuals shall have access to "HIGHLY CONFIDENTIAL – SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

(1)     Outside Counsel of Record for the Parties to this action, including any attorneys, paralegals, technology specialists, and clerical employees of their respective law firms;

(2)     Up to three (3) outside Experts per Party, pre-approved in

accordance with paragraphs 7.4(a)-(e) above, and specifically identified as eligible to access Source Code;

                (3)      The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code; for depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

                (4)      While testifying at deposition or trial in this action only: (i) any current officer, director, or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

                (m)      The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party or created by the Receiving Party pursuant to paragraph 8.1(f) above) that are delivered by the Receiving Party to any qualified person under paragraph 8.1(l) above. The log shall include the names of the recipients and reviewers of copies, the dates when such copies were provided, and the locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified

person that receives a copy of any portion of the Source Code. Within thirty (30) days after the issuance of a final non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and serve upon the Producing Party all paper copies of the Producing Party's Source Code as well as documents, pleadings, reports, and notes reflecting or referring to such Source Code. In addition, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

(n)     To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE," or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(o)     All copies of any portion of the Source Code shall be returned to the Producing Party if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(p)     The Receiving Party's outside counsel may only disclose a copy of the Source Code to individuals specified in paragraph 8.1(l) above (*e.g.*, Source Code may not be disclosed to House Counsel). In no case shall any information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" by a Defendant be provided to any other defendant or defendant's counsel in any other related or consolidated case by any Party or counsel absent explicit agreement from the Party designating the information.

(q)     Any Expert retained on behalf of a Receiving Party who is to be given access to a Producing Party's produced Source Code (whether in electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code reviewed by such Expert for a period of six months after the issuance of a final, non-appealable decision

resolving all issues in the case. This shall not preclude such Experts from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code reviewed by such Expert.

(r)     Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

9.     **PROSECUTION BAR**

9.1     Absent the written consent of the Producing Party, no person on behalf of Plaintiff, including without limitation any technical advisor of Plaintiff, who reviews a Defendant's Protected Material shall, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of any Party other than the Producing Party or engage in any Prosecution Activity involving claims on a method, apparatus, or system relating to VoIP phone or IP phone technologies for placing and transmitting telephone calls over an IP network ("VoIP communications") .

(a)     For clarity and the avoidance of doubt, Counsel of any Defendant in this action are not subject to this Prosecution Bar.

(b)     Prosecution Activity shall mean any activity related to (1) the preparation or prosecution (for any person or entity) of patent applications relating to VoIP communications or audio communication devices that support VoIP communications, or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application, reexamination, or reissue application before any domestic or foreign patent office; and/or (2) the acquisition of patents (including patent applications), or the rights to any such

24

1   patents or patent applications with the right to sublicense, relating to the functionality, operation,

2   and design of VoIP communications. Nothing in this paragraph shall prevent any attorney from

3   sending non-confidential prior art to an attorney involved in patent prosecution for purposes of

4   ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar

5   agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

6   Nothing in this provision shall prohibit any attorney of record in this litigation from discussing

7   any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or

8   counterclaim in this litigation with his/her client.

9           (c)    For the avoidance of doubt, the patent prosecution bar above shall be

10   deemed to preclude persons who have received Defendants' Protected Material, other than

11   Counsel of Defendant in this action, who shall not be so barred from participating directly or

12   indirectly in post-grant proceedings relating to the patent-in-suit, or of any patent that claims

13   priority, in whole or part, to the patent-in-suit.

14   10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

15       <u>LITIGATION</u>

16       If at any time Protected Material in any form is subpoenaed by any court, arbitral,

17   administrative or legislative body, or are otherwise requested in discovery, the person or entity

18   to whom the subpoena or other request is directed shall promptly (a) notify in writing the person

19   or entity who caused the subpoena or other request to issue that some or all of the material

20   covered by the subpoena or request is subject to a Protective Order and include a copy of this

21   Order with such notice, (b) give written notice thereof to every Party or nonparty, and their

22   counsel, who has produced such documents and include a copy of the subpoena or request with

23   such notice, and (c) provide each such Producing Party or nonparty with an opportunity to

24   object to the production of such documents. If a Producing Party or nonparty does not take steps

25   to prevent disclosure of such documents within ten business days of the date written notice is

26   given, the Party to whom the referenced subpoena is directed may produce such documents in

27   response thereto, but shall take all reasonable measures to have such documents treated in

28   accordance with terms of this Protective Order.

11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A nonparty's use of this Protective Order to protect its Protected Material does not entitle that nonparty access to the Protected Material produced by any Party in this case.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity ("Privileged Material"). Inadvertent or unintentional production of Privileged Material shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity, or other ground for withholding production to which the Producing Party would otherwise be entitled to assert. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are Privileged Material may obtain the

return of such documents, information or other material by promptly notifying the recipient(s). The Producing Party shall provide a privilege log for the inadvertently or unintentionally produced documents, information or other material as soon as reasonably possible after requesting their return. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party no later than five (5) business days after receiving a request for their return, except for any pages containing privileged or otherwise protected markings added by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. The recipient shall also destroy and certify such destruction within five (5) business days after receiving a request for return of inadvertently produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently produced material and shall not use such material for any purpose. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged or otherwise protected in any way. The Producing Party shall retain the Privileged Material for submission to the Court in the event the Receiving Party moves to compel. If the Receiving Party contests the privilege or work product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for the disagreement. The Receiving Party shall seek an Order from the Court compelling the production of the material. Absent a Court Order to the contrary, the Parties hereby agree and stipulate that any privilege or immunity that was originally present will remain intact once any such document is returned or confirmed as destroyed by the recipient.

13.2    Inadvertent or unintentional production of documents or things containing Protected Material which are not designated as one or more of the three categories of Protected Material at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall notify all

Receiving Parties that such documents are protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Information with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Within seven (7) days of receiving the Protected Information with the correct confidentiality designation, the Receiving Parties shall return or securely destroy and certify such destruction, at the Producing Party's option, all Protected Material that was not designated properly.

13.3    In the event of any disclosure of Protected Material other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

13.4    A Receiving Party shall not be in breach of this Order for any use of such Protected Material before the Receiving Party receives the Protected Material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Protected Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Protected Material at the appropriately designated level pursuant to the terms of this Order. Notwithstanding the above, a subsequent designation of Protected Material shall apply on a going forward basis only and shall not disqualify anyone who reviewed

Protected Material while the materials were not appropriately marked from engaging in any activities otherwise permitted by this Order.

14.     MISCELLANEOUS

    14.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    14.2     <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, this Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence.

    14.3     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with LR IA 10-5 and any applicable restrictions pertaining to "HIGHLY CONFIDENTIAL – SOURCE CODE" material set forth in paragraph 8.1 above. If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record with or without redactions as instructed by the Court.

    14.4     The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6, except that the additional three-day period set forth in Rule 6(d) shall not apply when service is made by electronic means under Rule 5(b)(2)(E).

    14.5     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the Party against whom such waiver will be effective.

    14.6     Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a Party and that Party's testifying expert(s) related to the content of expert reports are

exempt from discovery, provided that this limitation on discovery does not permit a Party to withhold any material relied upon by testifying experts solely on the ground that such material was provided to the expert by counsel. All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

14.7    No Party shall be required to identify on their respective privilege log any document or communication related to this litigation dated on or after the filing of this lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

14.8    Nothing in this Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Protected Material to any person. Such disclosures shall not affect any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" designation made pursuant to the terms of this Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

14.9    The United States District Court for the District of Nevada is responsible for the interpretation and enforcement of this Order. After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following termination of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the District of Nevada. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved Designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

14.10  Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Order shall retroactively apply to any Protected Material obtained by that Party or its counsel prior to execution, even if prior to entry of this order by the Court.

14.11  This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

14.12  All notices required by this Protective Order are to be served on the attorney(s) for each of the Defendants and Plaintiff listed in the signature block below for each Party.

15.    FINAL DISPOSITION

The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Except as otherwise herein, within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party (including technical advisors who received Protected Material) shall, at the option of the Producing Party, either return or destroy all physical objects and documents which embody Protected Material it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Material. All Protected Material not embodied in physical objects and documents shall remain subject to this Order. In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Material received from or produced to the dismissed Party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers

and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. All Parties that have received any such

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1   Protected Material shall certify in writing that all such materials have been returned to the

2   respective outside counsel of the Producing Party or destroyed.

3

4           DATED this 5th day of July, 2016.

5

| **RUSS, AUGUST & KABAT** | **HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON** |
|---|---|
| */s/ Stanley H. Thompson, Jr.,* | */s/ James D. Boyle* |
| REZA MIRZAIE, ESQ. | JAMES D. BOYLE, ESQ. |
| PAUL S. KROEGER, ESQ. | Nevada Bar No. 08384 |
| STANLEY H. THOMPSON, JR., ESQ. | SEAN E. STORY, ESQ. (NBN 13968) |
| 12424 Wilshire Boulevard, 12th Floor | 400 South Fourth Street, Third Floor |
| Los Angeles, California  90025 | Las Vegas, Nevada 89101 |
| *Admitted Pro Hac Vice* | **PILLSBURY WINTHROP SHAW PITTMAN LLP** |
| **BORGHESE LEGAL, LTD.** | |
| MARK BORGHESE, ESQ. | BRYAN P. COLLINS, ESQ. |
| Nevada Bar No. 06231 | ROBERT M. FUHRER, ESQ. |
| 10161 Park Run Drive, Suite 150 | 1650 Tysons Boulevard, Suite 1400 |
| Las Vegas, Nevada 89145 | McLean, Virginia  22102-4856 |
| *Attorneys for Plaintiff 2-Way Computing Inc.* | *Pro Hac Vice Applications Forthcoming* |
| | *Attorneys for Defendant Unify Inc.* |

IT IS SO ORDERED.

_____

UNITED STATES DISTRICT JUDGE/
UNITED STATES MAGISTRATE JUDGE

        July 5, 2016
Dated: _____

EXHIBIT  A

ACKNOWLEDGMENT  AND  AGREEMENT  TO  BE  BOUND

I,  _____  [print   or   type   full   name],   of

_____  [print   or   type   full   address],

declare  under  penalty  of  perjury  that  I  have  received  a  copy  of  and  read  in  its  entirety  and

understand  the  Protective  Order  that  was  issued  by  the  United  States  District  Court  for  the  District

of  Nevada  on  _____  [date]  in  the  case  of  *2-Way  Computing,  Inc.  v.  Unify  Inc,  f/k/a

Siemens  Enterprise  Communications*,  Case  No.  2:16-cv-00423-GMN-CWH.  I  agree  to  comply

with  and  to  be  bound  by  all  the  terms  of  this  Protective  Order,  and  I  understand  and  acknowledge

that  failure  to  so  comply  could  expose  me  to  sanctions  and  punishment  in  the  nature  of  contempt.

I  solemnly  promise  that  I  will  not  disclose  in  any  manner  any  information  or  item  that  is  subject

to  this  Protective  Order  to  any  person  or  entity  except  in  strict  compliance  with  the  provisions  of

this  Order.

I  further  agree  to  submit  to  the  jurisdiction  of  the  United  States  District  Court  for

the  District  of  Nevada  for  the  purpose  of  enforcing  the  terms  of  this  Protective  Order,  even  if  such

enforcement  proceedings  occur  after  termination  of  this  action.

Date:  _____

City  and  State  where  sworn  and  signed:  _____

Printed  name:  _____

Present  occupation/job  description:  _____

Name  of  Company  or  Firm:  _____

Signature:  _____